Filed 10/23/14 (on rehearing)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SANDRA BOWMAN, as Cotrustee, etc., et al., <br><br>    Plaintiffs and Appellants, <br><br> v. <br><br> CALIFORNIA COASTAL COMMISSION, <br><br>    Defendant and Respondent. | 2d Civil No. B243015 <br> (Super. Ct. No. CV100611) <br> (San Luis Obispo County) <br><br> OPINION ON REHEARING |

In *Kleiniecke v. Montecito Water District* (1983) 147 Cal.App.3d 240, we held it would not be inequitable to apply the doctrine of estoppel as a defense to the statute of limitations. Here we conclude it would be inequitable to apply collateral estoppel to require a party to dedicate a coastal easement as a condition of obtaining a coastal development permit.

We reverse a judgment denying a property owner's petition for a writ of administrative mandate to eliminate a public access condition from a coastal development permit.

FACTS

Walton Emmick owned approximately 400 acres in San Luis Obispo County ("County"). When he purchased the property, it had a single family residence and a barn. The residence was uninhabitable and the barn was

in disrepair. The property includes approximately one mile of shoreline along noncontiguous parcels, separated by a parcel owned by another property owner. The house and barn are one mile from the shoreline.

In March 2002, Emmick applied to the County for a coastal development permit ("CDP") to connect an existing well to the house. In June 2002, Emmick obtained over-the-counter permits authorizing dry-rot removal and roof and deck repairs.

County Code section 23.03.040 exempts from CDP requirements: "All repair and maintenance activities that do not result in any change to the approved land use of the site or building, or the addition to, enlargement or expansion of the object of such repair maintenance . . . ."

In December 2002 Emmick added two items to his CDP application: replace existing septic tank and "rehabilitate the existing residence." This included rebuilding the backside of the original structure and rehabilitating the interior.

Emmick began work on the residence pursuant to the over-the-counter construction permits. A county inspector told Emmick he had to stop work until the County issued the CDP. Emmick complied. The County, however, did not issue a formal stop-work order. Emmick did not begin any of the work under the CDP.

Emmick died in March 2003. SDS Family Trust ("SDS") succeeded to the property.[1]

In March 2004, nearly two years after Emmick initially applied for the CDP and a year after Emmick died, the County approved the CDP for which Emmick had applied ("CDP-1"). CDP-1 was conditioned upon SDS's offer to

---

[1] Plaintiffs and appellants, Cotrustees Sandra Bowman, Denise McLaughlan and Sharyn Schrick of the SDS Family Trust, are collectively referred to as SDS.

dedicate a lateral easement for public access along the shorefront portion of the property. The County's reason for the easement condition was that the residence had not been occupied for several years and its occupation would increase the intensity of the property's use.

The notice of approval informed SDS that it had 14 days to appeal. SDS did not appeal.

Nine months later, in December 2004, SDS applied to the County for another coastal development permit ("CDP-2"). This application included, at the suggestion of the County, construction of a 4,576-square-foot barn to replace the existing barn, which had collapsed. The application also included remodel of the existing residence, connection to an existing well and installation of a new septic system, all of which had been approved under CDP-1. Significantly, the application requested the removal of the condition requiring an offer to dedicate a lateral coastal access easement imposed by CDP-1.

The County approved the CDP-2 application, including the removal of the coastal access condition.

The Sierra Club, the Surfrider Foundation and two coastal commissioners appealed the County's approval of CDP-2 to the Commission. The appealing parties were concerned that the County had eliminated a valid existing easement condition imposed by CDP-1. The Commission accepted jurisdiction.

After hearing, the Commission determined that the easement condition contained in CDP-1 is permanent and binding on the landowner, and removal of the easement condition would violate the policy favoring public access to coastal resources. The Commission conditioned its permit on the implementation of the easement condition contained in CDP-1.

3

DISCUSSION

I.

We review the Commission's decision for an abuse of discretion. (Code Civ. Proc., § 1094.5, subd. (b).) An abuse of discretion is established if the Commission has not proceeded in a manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. (*Ibid.*) Where it is claimed the findings are not supported by the evidence, we must uphold the findings if they are supported by "substantial evidence in light of the whole record." (*Id.*, subd. (c).)

The standard for determining whether the Commission's findings are supported by "substantial evidence in light of the whole record" is properly stated in *La Costa Beach Homeowners' Association v. California Coastal Commission* (2002) 101 Cal.App.4th 804, 814 (*La Costa*). There the court stated: "'"The 'in light of the whole record' language means that the court reviewing the agency's decision cannot just isolate the evidence supporting the findings and call it a day, thereby disregarding other relevant evidence in the record. [Citation.] Rather, the court must consider all relevant evidence, including evidence detracting from the decision, a task which involves some weighing to fairly estimate the worth of the evidence. [Citation.]" [Citations.] That limited weighing is not an independent review where the court substitutes its own findings or inferences for the agency's. [Citation.] 'It is for the agency to weigh the preponderance of conflicting evidence [citation]. Courts may reverse an agency's decision only if, *based on the evidence before the agency*, a reasonable person could not reach the conclusion reached by the agency.' [Citation.]" [Citation.]'" (*Ibid.*)

The substantial evidence test as stated in *La Costa* requires us to "consider all relevant evidence, including evidence detracting from the decision . . . ." (*La Costa*, *supra*, 101 Cal.App.4th 804 at p. 814.) *La Costa* also states our task involves "some weighing" of the evidence. (*Ibid.*) From this

4

passage SDS argues that we must make our own determination of the credibility and weight of the evidence. *La Costa* states "'Courts may reverse an agency's decision only if, *based on the evidence before the agency*, a reasonable person could not reach the conclusion reached by the agency . . . .'" (*Ibid.*) Our review of the evidence and the procedural theory advanced by the Commission lead us to conclude that under the facts here, we must reverse.

## II.

SDS contends the access easement condition constitutes an unlawful exaction of its property under *Nollan v. California Coastal Commission* (1987) 483 U.S. 825 and *Dolan v. City of Tigard* (1994) 512 U.S. 374. Under the *Nollan/Dolan* test, a public entity may require an uncompensated exaction, such as an easement, as a condition of a development permit only where there is "'rough proportionality'" between the condition and the burden the development places on a public interest. (*Dolan*, *supra*, at p. 391.) Here the Commission does not argue that test is met. How could it when it is not? There is no rational nexus, no less rough proportionality, between the work on a private residence a mile from the coast and a lateral public access easement.

Instead, the Commission responds that it did not create the easement condition. The condition was created by the County in approving CDP-1. SDS's failure to appeal CDP-1 rendered the condition final and binding. The Commission argues it did nothing more than refuse to remove a valid and binding condition.

Ordinarily, where an administrative tribunal has rendered a quasi-judicial decision that could be challenged by administrative mandamus pursuant to Code of Civil Procedure section 1094.5, a party's failure to pursue that remedy will give rise to collateral estoppel. (See *Mola Development Corp. v. City of Seal Beach* (1997) 57 Cal.App.4th 405, 410.) Failure to pursue administrative mandamus precludes litigation of claims that were actually litigated in a prior

5

proceeding or that could have been litigated. (*Patrick Media Group, Inc. v. Cal. Coastal Com.* (1992) 9 Cal.App.4th 592, 617.)

But under the facts here, application of collateral estoppel gives primacy to a procedural rule that creates an unjust result and subverts the fair application of the California Coastal Act of 1976. (Pub. Resources Code, § 30000 et seq.) Inherent in collateral estoppel is an equitable component. The technical requirements of collateral estoppel are met when its application comports with fairness and sound public policy. (*Direct Shopping Network LLC v. James* (2012) 206 Cal.App.4th 1551, 1562.)

The factors that compel rejection of the doctrine of collateral estoppel here are:

The construction repairs that Emmick sought to make were exempt from the coastal development permit requirements. Section 23.03.040 of the San Luis Obispo County Code does not require a CDP for repairs that do not change the use or dimensions of the structure. As SDS points out, the repairs here pursuant to the over-the-counter permits fall within the exemption of section 23.03.040. Emmick did not make the repairs for which he sought authorization under CDP-1. The easement requirement amounted to an unconstitutional taking. We agree with appellants that under *Nollan* and *Dolan*, the easement lacks an "essential nexus" between the exaction and the construction. The work occurs within the existing "footprint" of the property. Moreover, the County recognized the easement condition exacted an unconstitutional taking when it removed the condition and allowed for even more extensive construction in CDP-2. The County suggested the additional construction.

The Commission argues that SDS accepted the benefit of CDP-1 by performing work under it. A party who fails to challenge the validity of a permit condition and accepts the benefit of the permit has acquiesced in the permit and is bound by its conditions. (*County of Imperial v. McDougal* (1977) 19 Cal.3d 505, 510-511.) But the only work done on the premises was the

6

removal of dry-rot and repairs to the roof and deck.  That work was done under the over-the-counter permits.  Such repair and maintenance activities are expressly exempted from the CDP requirement by County Code section 2303.040.  Neither Emmick nor SDS accepted any benefit from CDP-1.

The judgment is reversed.  Costs to appellants.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

7

Dodie A. Harman, Judge

Superior Court County of San Luis Obispo

_____

Pacific Legal Foundation, Paul J. Beard II, Damien M. Schiff for Plaintiffs and Appellants.

Richard M. Ross for California Cattlemen's Association as Amicus Curiae on behalf of Plaintiffs and Appellants.

Briscoe Ivester & Bazel, John Briscoe, Peter Prows for Building Industry Association of the Bay Area as Amicus Curiae on behalf of Plaintiffs and Appellants.

Kamala D. Harris, Attorney General, John A. Saurenman, Senior Assistant Attorney General, Christina Bull Arndt, Supervising Deputy Attorney General, for Defendant and Respondent.